UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BURTON GILMORE,<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | § | CIVIL CASE NO. 5:18-cv-00888 |
| | § | |
| NORTH EAST INDEPENDENT SCHOOL DISTRICT,<br>*Defendant* | §<br>§<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Burton Gilmore files this Original Complaint against Defendant North East Independent School District for discriminating against him because of his disability and retaliating against him for complaining about its discrimination against him.

### PARTIES AND SERVICE OF PROCESS

1.1     Plaintiff Burton Gilmore was at all relevant times a teacher, at least until his contract was not renewed, in the North East Independent School District in Bexar County, Texas; he was an employee as that term is defined in the ADAAA. He is a resident of the County of Bexar and the State of Texas.

1.2     Defendant North East Independent School District is a political subdivision of the State of Texas and is an employer as that term is defined in the ADAAA. It may be served with process through its superintendent, Dr. Brian G. Gottardy, at its administrative offices at 8961 Tesoro Drive, San Antonio, TX, 78217.

### I.     JURISDICTION

2.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

9381P.016                                                1

2.2     Plaintiff brings this action to redress discrimination pursuant to 42 USC Sec. 12112(a) and (b)(5) (the "ADAAA").

2.3     Plaintiff has exhausted his administrative remedies by filing a complaint with the Equal Employment Opportunities Commission and has received a Notice of Right to Sue within ninety (90) days of the filing of this suit.  A copy of the notice letter is attached as Exhibit A to this Complaint.

## II.     VENUE

3.1      Venue is proper in this Court pursuant to 28 U.S.C. §  1391(b) because all of the events giving rise to this cause of action occurred in the San Antonio Division of the Western District of Texas.

## IV.     FACTS

4.1     At all relevant times, Plaintiff was an employee of, and teacher in, the North East Independent School District ("NEISD") and was a holder of a teaching certificate from the State of Texas.  Mr. Gilmore enjoyed being a teacher and was employed by NEISD for ten years in that capacity.

4.2     Plaintiff has congenital heart failure and diabetes.  He was hospitalized three times between October of 2016 and March of 2017 to receive treatment of problems related to heart failure, including pulmonary and cardio edema. Because of the growing health issues, plaintiff requested reasonable accommodations in his teaching duties after returning from hospitalization in October of 2016 and before returning to the hospital on December 19, 2016.

4.3     While plaintiff was in the hospital and on medical leave from his duties as a teacher for the defendant between December 19, 2016, and January 23, 2017, Edward O'Neill was appointed principal of the campus to which plaintiff was assigned; however, Principal O'Neill

had been introduced to the plaintiff on campus shortly before the plaintiff went into the hospital for treatment.

4.4     Principal O'Neill began immediately after being appointed to his position to raise concerns with administrators under his supervision on the campus about staff members who were granted reasonable accommodations or who were seeking such accommodations under the Americans with Disabilities Act on the campus. During meetings with those administrators, he told them that all staff members who had received accommodations were a "net liability" to the campus. The plaintiff had been in communication with both the defendant's Employee Benefits administrator and the ADA coordinator since before he went into the hospital in December of 2016. It is reasonable to assume that Principal O'Neill knew of those communications, especially since he was introduced to the plaintiff just before the plaintiff was to enter the hospital for treatment.

4.5     Plaintiff returned to duty as a classroom teacher for the defendant on January 23, 2017. Principal O'Neill did not welcome him back or even speak to him for the first week he was back. However, on January 29, 2017, (a Sunday and not a duty day for Principal O'Neill) he sent the plaintiff a memorandum concerning "Professional Conduct", listing six different instances of communications that O'Neill found fault with, between plaintiff and other personnel.

4.6     The plaintiff exchanged numerous email messages with the defendant's ADA coordinator and Principal O'Neill between January 30, 2017 and March 9, 2017, which involved the confirmation of reasonable accommodations for the plaintiff. Subsequently, the interpretation of the accommodations granted by the defendant to the plaintiff came into controversy and on May 3, 2017, the plaintiff threatened to file, and did file, ADA complaint 100045062 with the U.S. Department of Justice, alleging denial of accommodations because the

plaintiff could not get assistance in his classroom for coverage of his students while he went to the restroom. Principal O'Neill was a party to the email communications about this concern.

4.7     On May 5, 2017, plaintiff was placed on administrative leave and told that he could not enter on the property of the defendant while on leave, without the approval of his principal or of Human Resources of the defendant. On May 8, 2017, plaintiff was recommended for proposed nonrenewal to the Board of Trustees of the defendant by the superintendent of the defendant, based upon a recommendation from Principal O'Neill. On May 9, 2017, the defendant issued a "Notice of Proposed Non-Renewal" to the plaintiff, giving him fifteen days to request a hearing. On May 22, 2017, plaintiff sent a written request for a hearing, by certified mail, return receipt requested, to the defendant through the United States Postal Service. The letter was received by the defendant on May 26, 2017, two days after the deadline of fifteen days in the notice letter. Defendant's Board of Trustees then proceeded to vote to nonrenew plaintiff's contract, without giving plaintiff a hearing, on May 30, 2017. Plaintiff subsequently appealed that decision back to the Board of Trustees of the defendant, to no avail.

4.8     Plaintiff, in his request for a hearing dated May 22, 2017, stated his concerns about his disabilities being a cause of the recommendation that he be nonrenewed, thereby placing members of the Board of Trustees on notice of those concerns. A member of the Board raised that issue during the discussion of whether to vote to nonrenew plaintiff's contract on May 30, 2017, but the Board nevertheless then voted to nonrenew his contract.

4.9     Plaintiff received a Notice of Right to File Suit dated June 29, 2018, from the Equal Employment on July 3, 2018.

## CAUSE OF ACTION: DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE ADAAA

4.10    Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

4.11    Defendant violated the ADAAA, though it granted him accommodations, by nonrenewing his teacher contract because he sought those accommodations and because he was disabled. The recommendation by Principal O'Neill was made in retaliation for plaintiff having requested accommodations, being disabled, and having a record of being disabled, and was the basis upon which plaintiff was first recommended for nonrenewal and then nonrenewed.

## DAMAGES

4.12    As a result of defendant's unlawful actions, plaintiff has suffered economic, compensatory, and actual damages, including lost pay, lost future retirement benefits, lost benefits from the employment relationship, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## ATTORNEYS' FEES AND EXPERT FEES

4.13    A prevailing party may recover reasonable attorneys' fees and experts' fees. 42 USC §2000e-5(k).  Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally requests the award of experts' fees.

## DEMAND FOR JURY TRIAL

4.14    Plaintiff demands a trial by jury of all the issues in this case and tenders herewith the required fee.

## **PRAYER**

4.15     WHEREFORE, all these premises considered, Plaintiff Burton Gilmore prays for, after trial of this just cause, judgement against the Defendant North East Independent School District as follows:

- All actual damages and compensatory damages;

- Pre-judgement and post-judgement interest as allowed by law;

- Court costs and expenses, including litigation expenses and expenses for expert witnesses;

- Attorneys' fees and experts' fees; and,

- Any other relief deemed proper and just by the Court, under these circumstances.

Respectfully Submitted,

*/s/ Jefferson K. Brim, III*
**JEFFERSON K. BRIM, III**
**BRIM, ROBINETT, CANTU & BRIM, P.C.**
2525 WALLINGWOOD, BLDG. 14
AUSTIN, TX 78746
TELEPHONE: 512-328-0048
FACSIMILE: 512-328-4814
JAY@TEACHER.LEGAL

**THOMAS J. CRANE**
110 BROADWAY, SUITE 420
SAN ANTONIO, TX 78205
TELEPHONE: 210-736-1110
TJCOFFICE3649@SBCGLOBAL.NET